IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

**BRIAN PLACE,** Individually, And On Behalf Of All Others Similarly Situated,

                      Plaintiff,

-against-

**SURE WINNER FOODS,**

                      Defendant.

---

Civil Action No.:

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, **BRIAN PLACE**, individually and on behalf of all others similarly situated, by and through his attorneys, JTB LAW GROUP, L.L.C., as and for his Complaint, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA").

2. The proposed Class is composed of all former and current Sales Merchandisers of Defendant who were/are classified as exempt from overtime by Defendant during the applicable statutory period.

3. Plaintiff, individually and on behalf of all others similarly situated hourly employees, brings this action under the FLSA in connection with Defendant's policy and/or practice in violation of its statutory obligations to pay Plaintiff and the putative collective members for overtime compensation at a rate of time and a half (1.5) of their regular rates of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed systematic and widespread violations of the above-described federal statute and regulations, in the manner described herein.

5. Plaintiff also brings this action individually to recover money damages, liquidated damages, costs, pre- and post-judgment interest, and reasonable attorneys' fees, under the Pennsylvania Minimum Wage Act ("PMWA"), 35 P.S. § 333.101 *et seq.,* and regulations, 34 Pa. Code § 231.1 *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 *et seq.* ("WPCL").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the FLSA, a federal statute.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

8. Plaintiff **BRIAN PLACE,** a resident of Schuykill County, Pennsylvania, was employed by Defendant as a Sales Merchandiser from in or around February 2014 until April 25, 2014.

9. Plaintiff's duties as a Sales Merchandiser included shelving the Defendant's food products in numerous grocery and retail stores, which were located on various locations in eastern and central Pennsylvania.

10. Upon information and belief Defendant **SURE WINNER FOODS** ("Defendant") is a business corporation organized and existing under the laws of the State of Maine, with its

principal place of business in Saco, Maine, that distributes ice cream, frozen food, and other food products throughout the Northeastern United States.

11. On information and belief, Defendant owns corporate facilities in Saco, Maine and Syracuse, New York, operates cross-docks throughout the Northeast, and conducts business in several Northeastern states including Pennsylvania.

## FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

13. At all relevant times herein, Plaintiff was employed by Defendant as a Sales Merchandiser, stocking shelves with Defendant's products.

14. Defendant operates and controls an enterprise engaged in interstate commerce, with an annual gross volume of business exceeding $500,000.00.

15. At all times relevant herein, Defendant has constituted an enterprise "engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

16. At all times relevant herein, Defendant was the "employer" of Plaintiff and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

17. At all times relevant herein, upon information and belief, Defendant hired Plaintiff and all other similarly situated employees, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

18. At all times relevant herein, Plaintiff was classified as exempt from overtime and paid a salary regardless of the number of hours worked.

19. At all times relevant herein, all Sales Merchandisers were classified as exempt from overtime and paid a salary regardless of the number of hours worked.

20. At all times relevant herein, Sales Merchandisers were misclassified as exempt from overtime and paid a salary regardless of the number of hours worked.

21. The primary job responsibilities of Sales Merchandisers was to perform manual labor stocking shelves of grocery stores with the Defendant's food products.

22. During the applicable statutory period, Sales Merchandisers were required by Defendant and regularly worked over forty (40) hours per week.

23. During the applicable statutory period, Sales Merchandisers did not/do not fall under any exemption from overtime pursuant to the FLSA.

24. Defendant did not compensate Plaintiff and other Sales Merchandisers overtime compensation at time and a half (1.5) of their regular rates of pay for hours worked in excess of forty (40) hours per week.

25. Though the exact number of Sales Merchandisers is presently unknown, upon information and belief Defendant employs a large number of Sales Merchandisers in its business operations throughout the Northeast.

26. Defendant's failure to pay overtime compensation to Plaintiff and the other similarly situated employees, as alleged herein, was and/or is willful, intentional, and/or not in good faith.

27. At all relevant times herein, and upon information and belief, Defendant maintained control, oversight, and direction over Plaintiff and the putative collective members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

28. Defendant consistently enforced and continues to enforce, a uniform policy and practice of permitting, encouraging, and/or requiring its employees, including Plaintiff and the putative collective members, to work overtime without lawful compensation, as described herein.

29. Upon information and belief, and at all times relevant herein, Defendant has failed to keep full and accurate records of Plaintiff's and similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

30. At all relevant times herein, starting three (3) or more years prior to the filing of this action and continuing to the present, Defendant has deprived Plaintiff and all other similarly situated employees of overtime compensation, as described herein.

31. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor, or any administrative practice or enforcement policy of such agency.

32. Defendant's widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable, or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

34. Plaintiff brings this action, individually and on behalf of all other similarly situated employees, former and present, who were/are affected by Defendant's willful and intentional violation of the FLSA, as described in this Complaint.

35. Plaintiff brings this collective action to recover monetary damages owed by Defendant to Plaintiff and the putative collective members for all of the unpaid overtime compensation.

36. Plaintiff brings this claim for relief for Defendant's willful violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

    a. The Collective is defined as follows:

> **All Sales Merchandisers of SURE WINNER FOODS classified as exempt from overtime within the period from May 2011 through present who worked at least one hour of overtime and were not paid overtime compensation.**

37. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative collective members are similarly situated in that they are all subject to Defendant's commonly applied policy and/or practice of classifying workers as exempt and not paying workers proper overtime compensation. Further, all members of the putative collective have been subjected to Defendant's willful and intentional violation of their statutory obligation to pay overtime compensation at time and a half (1.5) of their regular rates of pay for work in excess of forty (40) hours per week.

38. The Collective is so numerous that joinder of all members is impractical. While the exact number and identities of Collective members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that many putative collective members have worked for Defendant during the applicable statutory period without receiving appropriate overtime compensation, as required by law.

39. This litigation is properly brought as a collective action because of the existence of questions of fact and law common to the Collective which predominates over any questions affecting only individual members, including:

    a. Whether Defendant is liable to Plaintiff and the putative collective members for violations of the FLSA;

    b. Whether Plaintiff and the putative collective members are exempt from overtime compensation under the FLSA;

      c. Whether Plaintiff and the putative collective members worked over forty (40) hours in a workweek; and

      d. Whether Defendant failed to pay Plaintiff and members of the putative collective overtime compensation for all hours in the work week in excess of forty (40).

40. This litigation is properly brought as a Collective action because Plaintiff's claims are typical of the claims of the members of the Collective, inasmuch as all such claims arise from Defendant's standard policy and practice, as alleged herein. Like all collective members, Plaintiff was damaged by Defendant's standard policy and practice which failed to pay proper overtime compensation.

41. Plaintiff has no interests antagonistic to the interests of the other members of the Collective. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in collective action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Collective.

42. Collective certification is also fair and efficient because prosecution of separate actions by individual Collective members would create a risk of differing adjudications with respect to such individual members of the Collective, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

43. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the Collective and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

## FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA)

44. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

45. Defendant classified Plaintiff as exempt from overtime.

46. Defendant misclassified Plaintiff as exempt from overtime, in violation of the FLSA.

47. Plaintiff was required by Defendant and did regularly work over forty (40) hours per week.

48. Defendant failed to pay Plaintiff overtime compensation at time and half (1.5) of the regular rate of pay for hours in a work week in excess of forty (40).

49. Defendant's policy and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary, and/or in bad faith.

50. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

51. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

52. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

53. Defendant classified Plaintiff as exempt from overtime.

54. Defendant classified Sales Merchandisers as exempt from overtime.

55. Defendant misclassified Plaintiff and the other similarly situated Sales Merchandisers as exempt from overtime.

56. Sales Merchandisers were required by Defendant and did regularly work over forty (40) hours a week.

57. Defendant failed to pay Sales Merchandisers overtime compensation at time and half (1.5) of their regular rate of pay.

58. Defendant's policy and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

59. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

60. As a result of the foregoing, Plaintiff and the other similarly situated employees were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the PMWA and WPCL)

61. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if separately set forth herein.

62. Defendant required Plaintiff to work more than forty (40) hours per week.

63. Defendant's failure to pay Plaintiff proper overtime compensation for hours in a work week in excess of forty (40) violates the PMWA as well as the WPCL.  As a result of Defendant's uniform policy and practice described above, Plaintiff was illegally deprived of overtime

compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, pre- and post-judgment interest, costs, reasonable attorneys' fees, and other compensation pursuant to the WPCL.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's wage policy and/or practice alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

B. A declaratory judgment that Defendant's wage policy alleged herein violates overtime compensation provisions of the PMWA and the WPCL and applicable regulations;

C. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq*;

D. Judgment for all overtime compensation to which Plaintiff is lawfully entitled pursuant to the PMWA and the WPCL and applicable regulations;

E. An order for injunctive relief, ordering Defendant to end all of the illegal wage practices alleged herein pursuant to the FLSA;

F. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff and the putative collective members during the applicable statutory period.

G. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

H. An order requiring Defendant, at its own expense, to investigate and account for the number of hours worked by the Plaintiff and putative Collective members.

I. An order directing Defendant to pay Plaintiff and members of the putative Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action.

J. An Order certifying this action as a collective action on behalf of the Collective, designating the Plaintiff, Brian Place, as a representative of the proposed FLSA Collective and the undersigned counsel as Collective counsel, and authorizing issuance of notice pursuant to 29 U.S.C. 216(b) to all similarly situated individuals.

K. An incentive award for the lead Plaintiff.

L. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

M. Equitably tolling for the Collective effective the date of the filing of the instant Compliant.

N. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: May 28, 2014

Respectfully submitted,

**JTB LAW GROUP, LLC**

By: s/ Jason T. Brown

Jason T. Brown
jtb@jtblawgroup.com
Michael G Radigan (Will seek *pro hac vice* admission)
michaelradigan@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, NJ 07302
P: (201) 630-0000
F: (855) 582-5297

*Attorneys for Plaintiff*